IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| WILLIAM MARK ALLEN, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:06-CV-0201 |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**REPORT AND RECOMMENDATION TO
DISMISS FOR FAILURE TO PAY FILING FEE**

On July 31, 2006, petitioner WILLIAM MARK ALLEN filed a Petition for a Writ of Habeas Corpus with this Court. Petitioner did not submit with his habeas application any payment to satisfy the requisite filing fee, nor did he submit an application to proceed *in forma pauperis* with a certified *in forma pauperis* data sheet from the institution in which he is confined.

On August 7, 2006, the undersigned granted petitioner ALLEN permission to proceed *in forma pauperis* temporarily, pending submission of an application to proceed *in forma pauperis* with a certified *in forma pauperis* data sheet from the institution in which he is confined or, alternatively, receipt of the $5.00 filing fee. Petitioner was given twenty (20) days in which to comply with the Court's order. Petitioner was admonished that the failure to comply would result in the immediate recommendation of dismissal of this case. On August 23, 2006 petitioner ALLEN filed a Motion for Extension of Time requesting additional time to pay the filing fee.

Such motion was granted on August 24, 2006, giving petitioner until September 25, 3006 to pay the filing fee. To date, petitioner has not paid the filing fee, nor has he requested the Court grant him *in forma pauperis* status. In fact, petitioner has not communicated with the Court since he filed his Motion for extension of time on August 23, 2006.

It is petitioner's obligation to ensure that the filing fee is submitted to the Court. Because petitioner has failed to comply with a direct order from the Court, it is the opinion of the undersigned that petitioner's case should be dismissed.

### RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the habeas application filed by petitioner WILLIAM MARK ALLEN be DISMISSED for failure to pay the $5.00 filing fee.

### INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file-marked copy of this Report and Recommendation to petitioner by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 10th day of October 2006.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## **\* NOTICE OF RIGHT TO OBJECT \***

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the file mark on the first page of this recommendation. Service is complete upon mailing, Fed. R. Civ. P. 5(b), and the parties are allowed a 3-day service by mail extension, Fed. R. Civ. P. 6(e). Therefore, any objections must be filed **on or before the fourteenth (14th) day after this recommendation is filed**. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).